## CALL *versus* LOTHROP *&* als.

Under the laws of this State a tender may be made after action brought and before entry with the same effect as before the commencement of the suit.

Where the principal and sureties on a poor debtor's bond are sued, but no *service* made, a tender of the amount of the joint liability, including the cost of the *writ*, will be sufficient, although the writ may have been sent away by the attorney for the purpose of having it served, if he has time to recall it before it is actually served.

In such suit where the tender covers the *joint liability*, no costs can be recovered by plaintiff, though he is entitled to a separate judgment against the principal for twenty per cent. interest on the amount due, beyond the amount tendered.

ON REPORT from *Nisi Prius*, CUTTING, J., presiding. DEBT, on a poor debtor's relief bond. ·

The defendants had leave to plead double, and one of the pleas was a tender of the amount due and costs before entry of the action, which was brought into Court.

The facts are all stated in the opinion of the Court drawn up by

RICE, J. — This is a joint action against principal and surety, on a poor debtor's bond. The defence is a tender of the amount due after action brought, but before entry. The amount due, including debt and cost on the execution, officer's fees and interest, together with the writ in this action, was on the day of the tender, August 4, 1853, $64,97;

the amount tendered was $66,47. Before the tender was made the writ had been placed in the hands of one Geo. W. Philbrick, a deputy sheriff, in the county of Lincoln, for service, and two dollars deposited with him for his fees. The defendants at that time lived in Cumberland county. Philbrick testifies that he received the writ, July 30, 1853, and sent it to an officer in Portland soon after it came into his hands — probably right off. The writ was served on the defendants Sept. 6, 1853, and the fees taxed thereon are two dollars and sixty cents.

The plaintiff contends that the fees for serving this writ should be added to the sum due on the bond, which would thereby become larger than the amount tendered. There is no just ground for such claim. The service was not made for more than a month after the tender, affording ample time to recall the writ before service.

Section 39 of c. 148, R. S., provides that if the debtor fail to fulfill the condition of any such bond, the same shall be forfeited, and judgment in any suit on such bond shall be rendered for the amount of the execution and costs, and fees of service, with interest on the same against all the obligors; and a special judgment shall also be rendered against the said principal debtor, for a further sum equal to the interest on the same at the rate of twenty per cent. by the year, after the breach of the bond.

It is contended that the tender, to constitute a good defence, should have been sufficient to cover the twenty per cent. for which the principal debtor is liable, in addition to the joint liability of all the obligors on the bond. This cannot be so. The twenty per cent. is in the nature of a penalty, and can be recovered only of the principal debtor. For this the other obligors are in no event liable.

By paying the money into Court the defendants acknowledge their liability to the action, and to the recovery by the plaintiff of so much as is paid in by them. *Burroughs* v. *Skinner,* 5 Burr. 2639; *Jones* v. *Hoar,* 5 Pick. 285; *Huntington* v. *American Bank,* 6 Pick. 340.

The tender in this case was joint, the action joint, the liability joint. The only question, which can, therefore, affect the defendants, jointly, would seem to be whether the tender was seasonably made and sufficient in amount.

If the plaintiff, after the money has been paid into Court, proceed in his action, it is at his peril. The sum paid in must be considered as stricken out of the declaration; it is, for so much a defence, and unless the plaintiff prove a sum to be due beyond what is paid, the verdict should be for the defendant. *Stevens* v. *Yorke*, 4 T. R., 1; 9 Greenl. 302, Rule 32. If, however, more appears to be due to the plaintiff, he is entitled to a verdict for the overplus and costs. Colby's Prac. 219.

By the common law a plea of tender is applicable to cases where the party pleading it has never been guilty of any breach of his contract. 2 Saund. Pl. 1443.

The tender must be made before the action was commenced, that is, before the issuing of the writ. Bro. Abr. Tender Pl. 9; Bac. Abr. Tender, D; 2 Saund. Pl. 1046.

A tender and refusal of principal and interest due on a bond, after the day mentioned in the condition, and before action brought, cannot be pleaded. *Underhill* v. *Mathews*, Bul. N. P. 171.

These rigid rules of the common law, as applicable to tender, have been modified in this State by statute provision. By the general Act of amendment to the R. S., approved April 16, 1841, p. 767, it is provided that any person, after the commencement of a suit against him, and before the entry thereof in Court, shall have the same right to tender payment of the amount due, to the plaintiff, or his attorney in the action, and legal costs to the time of such tender, and with the same effect, as before the commencement of the suit. The defendants have brought themselves within this provision of the statute, and their tender being sufficient to cover their joint liability, at the time it was made, they are entitled to judgment and their costs. The principal debtor having made no separate tender for his individual liability,

the plaintiff is entitled to a separate judgment against him, for a sum equal to twenty per cent., by the year, on the amount due, that is, on the amount of the execution, with fees of service, but without costs in this case.

*Hubbard,* for plaintiff.

*Ingalls,* for defendants.